NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 10-3753 and 10-3854
_____

ROOFERS LOCAL NO. 30 COMBINED PENSION FUND;
BOARD OF TRUSTEES, ROOFERS LOCAL NO. 30 COMBINED
PENSION FUND; MICHAEL O'MALLEY, In His Fiduciary Capacity,

Appellants at No. 10-3753

v.

D.A. NOLT, INC.
_____

ROOFERS LOCAL NO. 30 COMBINED PENSION FUND; BD TRUSTEES
ROOFERS LOCAL NO. 30 COMBINED PENSION FUND;
MICHAEL O'MALLEY, In His Fiduciary Capacity

v.

D.A. NOLT, INC.,

Appellant at No. 10-3854
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-01445)
District Judge:  The Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, Circuit Judges.

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Roofers Local 30 Combined Pension Fund ("the Plan") appeals the District Court's orders on cross-motions for summary judgment and a motion for reconsideration, denying Roofers' motions and affirming the arbitrator's decision. The Plan asserts that D.A. Nolt, Inc. has withdrawal liability.[1] We will affirm.

The facts are not in dispute. We will recite them briefly to give the reader context. After a multiemployer bargaining association completed negotiations for a collective bargaining agreement with the Roofers Union for the years 2001-2009, Nolt exercised its right to withdraw from the association, and it ceased making contributions to the union's pension fund after the old agreement expired on April 30, 2001. In 2002, the Plan determined that Nolt had a withdrawal liability of $58,226. The Plan's actuary derived this amount by first calculating approximately $2.7 million in unfunded vested benefit liability as of December 31, 2000. In 2003, the Plan's actuary reported mistakes in calculating the value of unfunded vested benefit liability applicable to Nolt and he

_____

[1] Withdrawal liability is an amount owed to the Plan by an employer who ceases participation in a multiemployer plan, pursuant to 29 U.S.C. § 1381.

retroactively changed the valuation to approximately $12.8 million. As a result, in 2006, the Plan recalculated Nolt's withdrawal liability and demanded $370,327.[2]

Nolt issued a Request for Review, pursuant to 29 U.S.C. § 1399(b)(2)(A), and subsequently demanded arbitration. In a 64-page decision, the arbitrator determined that the Plan's revaluation of its unfunded vested benefit liability from the initial assessment to the amount set forth in its 2006 demand letter was, in the context of this case, improper under the Multiemployer Pension Plan Amendments Act of 1980. After clarifying that all parties agreed to the inclusion of normal retirement benefits in calculating unfunded vested benefit liability, the arbitrator also concluded that the Plan's actuary had errantly included the value of some early retirement benefits and death benefits in calculating unfunded vested benefit liability. As a result, upon revaluation in accord with the arbitrator's decision, the Plan did not have any unfunded vested benefit liability as of December 31, 2000, and Nolt did not owe any withdrawal liability. The District Court, in a 37-page memorandum opinion, affirmed the decision of the arbitrator and enforced the award. It denied the Plan's motion to reconsider in an 8-page memorandum opinion.

On appeal, the Plan challenges the decision of the District Court, essentially restating three issues raised before the District Court. First, the Plan disputes the exclusion of some early retirement benefits and post-retirement survivor benefits from the calculation of unfunded vested benefit liability. Specifically, it asserts that age and death are not conditions for entitlement to benefits.

---

[2] The Plan states that it was unable to demand withdrawal liability during the pendency of its unfair labor practices dispute with Nolt, which concluded in 2005.

Next, the Plan argues that correcting the actuary's programming error, resulting in a retroactive recalculation of withdrawal liability, is not only proper, but required. Specifically, it claims that it is not estopped from correcting the error and that ERISA and IRS rules require the correction.

Finally, the Plan maintains that it was improperly bound to its original calculation of withdrawal liability. Specifically, the Plan asserts that it is not legally restricted to assertions it made in its original demand letter. It also claims that its actuary's error is not significant because the background and mechanics of the calculation are mostly not disputed, and that its method for calculating the payment and schedule for repayment is correct. Finally, the Plan argued that it is entitled to pre-demand interest, and that its actuarial data and assumptions are correct.[3]

On cross appeal, Nolt maintains that the District Court erred by denying its motion for attorneys' fees because there was not any legitimate foundation supporting the Plan's effort to vacate the arbitration award. It asserts that the District Court's denial is at odds with its findings of fact and conclusion at law.

In reviewing the District Court's summary judgment on the arbitrator's award, we presume, as did the District Court, that "the arbitrator's factual findings are correct unless

_____

[3] The Plan also raised a new argument, focusing upon the date of withdrawal, to support its recalculation of Nolt's withdrawal liability and its claim for pre-demand interest. The Plan argues that the "legal date" of withdrawal is in 2005, but the point of reference for the calculation of demand liability is the inception of the labor dispute in 2001. However, in response to other arguments raised by the Plan, the arbitrator determined, and the District Court affirmed, that any question about Nolt's date of withdrawal was not appealable to him under the Multiemployer Pension Plan Amendments Act of 1980, because the Plan, itself, had established the 2001 date of withdrawal in its 2006 demand and Nolt did not appeal it.

4

they are rebutted by a clear preponderance of the evidence." *Crown Cork & Seal Co., Inc. v. Central States Southeast and Southwest Areas Pension Fund*, 982 F.2d 857, 860 (3d Cir. 1992). We review the arbitrator's legal conclusions de novo.[4] *Id.* Finally, we review a district court's denial of attorneys' fees for abuse of discretion. *Krueger Associates, Inc. v. American Dist. Telegraph Co. of Pennsylvania,* 247 F.3d 61, 69 (3d Cir. 2001).

After conducting our own independent review of the record, we conclude that the District Court's memorandum opinions on the cross motions for summary judgment and the motion for reconsideration sufficiently analyze the relevant law and apply it correctly to the facts. We can add little to the judge's thoughtful analysis or conclusions. Accordingly, we will affirm the District Court's orders on the cross motions for summary judgment and the motion for reconsideration substantially for the reasons set forth in the memorandum opinions without further elaboration. With regard to Nolt's cross-appeal of the District Court's denial of attorneys' fees, we do not find any abuse of discretion and will affirm the order of the District Court.

---

[4] "Generally, the denial of a motion for reconsideration is reviewed for an abuse of discretion." *N. River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1203 (3d Cir. 1995). "Where a district court's denial of a motion to reconsider is based upon the interpretation of legal precepts, however, our review of the lower court's decision is plenary." *Id.* "[T]o the extent that the district court's order was based on a factual conclusion, we review under a 'clearly erroneous' standard." *Id.*